UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>     v.<br><br>FRANKLIN A. DORN,<br><br>   Defendant. | Crim. No. 05–13 (CKK) |

**MEMORANDUM OPINION**
(March 2, 2006)

Presently before the Court is [35] Defendant's Motion *In Limine* to Compel Discovery and to Permit Cross-Examination, which was filed by Defendant Franklin A. Dorn on February 14, 2006. In his Motion, Defendant asks the Court to compel the government to produce discovery and permit cross-examination of Sergeant Gerald G. Neill, Jr. of the Metropolitan Police Department ("MPD") regarding investigations pertaining to Sgt. Neill. The government filed [39] Government's Omnibus Opposition to Defendant's Motion *In Limine* to Compel Discovery and to Permit Cross-Examination on February 21, 2006. After considering the aforementioned filings and relevant case law, the Court shall DENY Defendant's Motion based on the record presently before the Court. The Court rules on evidentiary motions based both on the record and on arguments presented by counsel at the time.

**I: BACKGROUND**

Defendant is charged in a four-count indictment with Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); Unlawful Possession with Intent to Distribute Cocaine Base within 1000 Feet

of a School, in violation of 21 U.S.C. § 860(a); Using, Carrying and Possessing a Firearm during a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1); and Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).  *See docket entry* [25] (Superceding Indictment).  Defendant's indictment was based on actions that took place on December 11, 2004, at approximately 1:30 a.m.  *Id.*; Gov't's Opp'n at 2.  Trial in this matter is scheduled to begin on March 6, 2006.

The government expects to call Sgt. Neill to testify at trial[1] concerning the handgun he allegedly saw Defendant throw from his person, and Sgt. Neill's alleged discovery of drugs on the inside of Defendant's jacket on the morning in question.  Def.'s Mot. at 1.  Counsel for Defendant obtained a letter in late December of 2005 written by William R. Ponton, Assistant Chief of Police, Office of Professional Responsibility, MPD, to defense counsel in another case involving Sgt. Neill (*United States v. Marcus Douglas*, Crim. No. 05–54 (HHK)).  The letter indicated that MPD had a total of eight incidents on file relating to Sgt. Neill, including four incidents that involved pending investigations.  Def.'s Mot. at 2.  Defense counsel in the *Douglas* case received a letter from government counsel summarizing the four "pending" incidents which counsel in that case had referenced in a motion to compel.  *Id.*; *see Douglas*, Crim. No. 05-54

---

[1] The Court notes that based on the findings of fact set forth in Judge William B. Bryant's post-motions hearing Memorandum Opinion in this case dated September 8, 2005, other MPD officers also witnessed various aspects of the incident in question.  *See docket entry* [30].  While the Court is unaware if such officers will be called to testify at trial, it appears that, for example, Sergeant Evans walked up behind Defendant and felt what he believed to be the butt of a handgun in Defendant's waistband, after which Defendant "shimmied" out of his jacket and fled, leaving the jacket with Sgt. Evans; additionally, it appears that Sergeant Harvell observed Defendant reach down by his ankle, pull a gun out of his pant leg, and toss it to his left side; finally, it also appears that Sgt. Evans arrived at the scene with defendant's jacket, observing while another officer pulled crack cocaine out of the jacket pocket, all after Sgt. Harvell apprehended and handcuffed Defendant.  *Id.*

(HHK), docket entry [23], filed December 14, 2005.  The four closed investigations, none of which were pending at the time of this Defendant's arrest, pertained to incidents related to allegations of abuse of authority, illegal search, and excessive force; three of these four investigations exonerated Sgt. Neill, and one was closed for a lack of facts.  Def.'s Mot. at 2; Gov't's Opp'n at 2–4.  Defense counsel in the instant case obtained a copy of this summary.  Def.'s Mot. at 2.

Defendant in the instant case, "[i]n light of the information obtained, [] moves this Court for permission to cross-examine Sergeant Neill, the government's key witness, regarding both the four incidents summarized by the government and the four 'non-pending' incidents noted in Officer Ponton's letter."  Def.'s Mot. at 2.  Defendant specifically asks the Court to compel the government to "complete discovery" by providing Defendant with records pertaining to all eight investigations relating to Sgt. Neill; Defendant argues that he is entitled to more than the "bare-bones summary" of the four indicated pending investigations in the government's letter provided in *Douglas*.  *Id.* at 3.  Defendant asserts that the Court should permit cross-examination of Sgt. Neill based on all eight investigations on the basis of Federal Rules of Evidence 401, 403, 404(b), and 608(b).  *Id.* at 4–9.

The government, in its opposition, stated that at present, only one incident pertaining to Sgt. Neill is presently pending investigation by the U.S. Office of Special Counsel, and no matters pertaining to Sgt. Neill are presently pending investigation at the U.S. Attorney's Office or MPD.  Gov't's Opp'n at 2, 3.  Of the four investigations that Defendant has classified as "pending," three of the investigations were opened in 2005 (after Defendant's arrest) and have since been formally reviewed and closed.  *Id.* at 2–3.  Two of these aforementioned

3

investigations were conducted related to illegal search allegations, and Sgt. Neill was cleared of wrongdoing; the other investigation concluded that Sgt. Neill was justified in shooting a suspect on August 13, 2005, but involved a reprimand for not keeping his service weapon fully loaded as required by internal MPD procedures. *Id.* at 2. The one investigation that is still pending–"an allegation that Sgt. Neill wore his police uniform to a Fourth of July parade in 2002 and passed out paper fans printed with a political candidate's campaign slogan"–is presently under active investigation by the United States Office of Special Counsel as a possible Hatch Act violation. *Id*. at 3.

## II: DISCUSSION

*A.     Defendant's Motion to Compel*

Defendant argues that the government should provide the records to Defendant regarding all eight incidents relating to Sgt. Neill. It should be noted that Defendant's Motion provides no legal basis for this request. *See* Def.'s Mot. at 3.

Regarding the four previously closed investigations, Defendant argues that counsel "has no way of knowing *when* the four investigations were closed and under what circumstances. If those investigations were pending at the time that Sergeant Neill arrested Mr. Dorn, for instance, the fact that those investigations are now closed is far from dispositive." Def.'s Mot. at 3. The government, however, indicates in its Opposition that none of these four cases was in fact pending at the time of Defendant's arrest. Gov't's Opp'n at 5.

Regarding the investigations previously defined as pending (it is worth repeating that only one investigation is actually currently pending), Defendant requests records surrounding such investigations because it defines the summary provided by the government of such investigations

as "bare-bones." Def.'s Mot. at 3. However, the D.C. Circuit has held that a prosecutor's review and decision regarding disclosure of police files as potentially exculpatory evidence is final unless defense counsel becomes aware that exculpatory information is being withheld. *See United States v. Brooks*, 966 F.2d 1500, 1504–05 (D.C. Cir. 1992). Moreover, in camera inspection of such police records is only required "where the defense ha[s] become aware that -- exculpatory evidence was withheld." *Id.* at 1505 (internal citations omitted).

As Defendant does not provide any legal basis for his Motion to Compel and is not legally entitled to more than the summary of Sgt. Neill's investigations previously defined as "pending" absent allegations that the government has withheld exculpatory files, Defendant's Motion to Compel records relating to all eight of Sgt. Neill's investigations (seven of which are now closed) is DENIED.

    B.    *Defendant's Request to Cross-Examine Sgt. Neill*

As stated earlier, Defendant argues that the Court should permit cross-examination of Sgt. Neill on all eight investigations relying on Federal Rules of Evidence 401, 403, 404(b), and 608(b). Def.'s Mot. at 4–9. The Court will address each Rule in turn as it is related to Defendant's request. The Court notes that it has "considerable discretion to place reasonable limits on a criminal defendant's presentation of evidence and cross-examination of government witnesses," though it must exercise such discretion with care. *United States v. Whitmore*, 359 F.3d 609, 615–16 (D.C. Cir. 2004). *See also United States v. Wilson*, 160 F.3d 732, 742 (D.C. Cir. 1998); *United States v. Graham*, 83 F.3d 1466, 1474 (D.C. Cir. 1996) ("District courts 'enjoy[ ] wide discretion to control cross-examination.'").

    1.    *Rule 404(b) does not provide a valid basis to permit cross-examination of*

5

*Sgt. Neill regarding the eight incidents on file.*

Defendant argues that he should be permitted to cross-examine Sgt. Neill regarding the eight incidents under Federal Rule of Evidence 404(b) as a means of ferreting out a potential source of bias.  Def.'s Mot. at 5.  Defendant argues that such cross-examination "is important to show Sergeant Neill's bias and that he has a motive to favor the government in his testimony," and that "the fact that Sergeant Neill has not only been investigated in the past but is currently under investigation provides the officer with a powerful motive to testify falsely to enhance his image with the Metropolitan Police Department and the government."  Def.'s Mot. at 5, 6.  Defendant also cites to *United States v. Cuffie*, 80 F.3d 514, 518 (D.C. Cir. 1996) as a basis for his claim.  Finally, Defendant states that some of the investigations at issue may have been open or pending at the time of Defendant's arrest or of Sgt. Neill's testimony during Defendant's motions hearing as an additional basis for arguing that Sgt. Neill had reason in the past to attempt to curry favor with the government.  Def.'s Mot. at 7.

As an initial factual matter, it is clear that the timing of the eight incidents in question is such that seven incidents were not pending at the time of Defendant's arrest, five incidents were not pending at the motions hearing held before Judge Bryant on August 11, 2005, and seven incidents are not pending at present in light of the ensuing trial.  Three previously deemed "closed" investigations were opened and closed prior to Defendant's arrest.  After Defendant's arrest but before the motions hearing, another investigation with respect to Sgt. Neill was opened and closed.  Sgt. Neill was exonerated in three of the aforementioned "closed" investigations, and one was closed on August 14, 2001, due to insufficient facts.  Gov't's Opp'n at 5.

With respect to the previously deemed "pending" investigations, two were opened

(exonerating Sgt. Neill) after Defendant's arrest but before the motions hearing. At the time of the motions hearing, letters and memoranda exonerating Sgt. Neill had already been issued in both investigations, which have since been formally closed (exonerating Sgt. Neill). A third investigation, involving the shooting incident for which Sgt. Neill was deemed justified but reprimanded for not keeping his service weapon fully loaded, occurred after Defendant's motions hearing and has already been closed. Finally, the only investigation that is still pending and has been pending since 2002 relates to Sgt. Neill's alleged Hatch Act violation, which is under investigation by the U.S. Office of Special Counsel (which is distinct from both the MPD and the U.S. Attorney's Office). *See* Gov't's Opp'n at 2, 11; *United States v. Marcus Douglas*, Crim. No. 05-54 (HHK), docket entry [23], filed December 14, 2005. From a factual perspective, it is difficult to see how the investigations at issue–all but one of which are presently closed–would prompt biased testimony on the part of Sgt. Neill.

However, Defendant also cannot provide any legal support that cross-examination in the instant case regarding any of the incidents in question would reveal possible bias that could color Sgt. Neill's testimony. Pursuant to Federal Rule of Evidence 404(b),

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b). Case law supports the conclusion that the existence of closed internal investigations or pending internal investigations far removed from the facts of the underlying case generally are not relevant to show bias. *See* Gov't's Opp'n at 8–12; *United States v.*

*Gonzalez*, 71 F.3d 819, 836 (11th Cir. 1996) ("[I]t appears [that an internal affairs] investigation [connected to appellant's arrest] ultimately cleared Deputy Marshal Figmik of any wrongdoing, thereby negating the suggested motive for bias against appellant"); *United States v. Novaton*, 271 F.3d 968, 1004–07 (11th Cir. 2001); *United States v. Myers*, 972 F.2d 1566, 1578–79 (11th Cir. 1992); *United States v. Love*, 599 F.2d 107, 109 (5th Cir. 1979).  The only case presently pending pertains to Sgt. Neill's allegedly distributing campaign material in uniform, which is completely unrelated to the facts and charges in the instant case and is being conducted by a federal agency rather than MPD or the United States Attorney's Office for the District of Columbia.

      Finally, the case cited by Defendant, *United States v. Cuffie*, held that the defendant should have been able to use evidence that a witness (who was a former police officer) was deemed by a Superior Court judge to have given inconsistent statements in a prior judicial proceeding for impeachment purposes when the prior judicial proceeding was related to the facts underlying the defendant's case. *Cuffie*, 80 F.3d at 515, 518 ("[T]he undisclosed evidence that [the witness/police officer] had lied under oath in a previous court proceeding involving the same drug conspiracy identified an infirmity in [the witness/police officer's] testimony that is almost unique in its detrimental effect on a witness' credibility.").  The facts of the instant case simply do not support the conclusion reached in *Cuffie*, as the investigations at issue are not related in any way to the Defendant and furthermore do not reflect on Sgt. Neill's propensity for truthfulness in such a way that would indicate possible bias.  *See infra* II(B)(2).

      2.    *Rule 608(b) does not provide a valid basis to permit cross-examination of Sgt. Neill regarding the eight incidents on file.*

Defendant argues that cross-examination should be permitted about "the investigations

into Sergeant Neill's conduct . . . because the specific instances are reflective of the witness' dishonesty." Def.'s Mot. at 7–8. More specifically, Defendant claims that the presently pending investigation into Sgt. Neill's possible Hatch Act violation as well as his "failing to follow orders regarding the upkeep of his weapon" are indications of his acting "dishonestly or contrary to departmental expectations." Def.'s Mot. at 8. Defendant cites to two cases in which courts allowed cross-examination regarding police incidents under Rule 608(b). *Id.* (citing *United States v. Davis*, 183 F.3d 231, 256–57 (3d Cir. 1999); *United States v. Whitmore*, 359 F.3d 609 (D.C. Cir. 2004)).

The Court can see no possible way in which any of the allegations against Sgt. Neill–including the two specifically referenced by Defendant–can be deemed indicative of untruthfulness. Pursuant to Rule 608(b), "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness . . . may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness . . . ." The Court fails to see how Defendant can claim that improper upkeep of a service weapon or allegations that Defendant distributed political materials during a parade while in uniform have any bearing on truthfulness. Putting aside for the moment the fact that Sgt. Neill's Hatch Act alleged violation is pending rather than substantiated, and putting aside the issue of whether violation of an MPD department regulation regarding the maintenance of a service weapon can be defined as a "bad act," Defendant nonetheless cannot show that these instances of misconduct or potential misconduct are probative of untruthfulness. In order for a bad act to be probative of truthfulness or untruthfulness, it must be "characterized by an element

of deceit or deliberate interference with a court's ascertainment of truth." *United States v. Smith*, 551 F.2d 348, 363 (D.C. Cir. 1976). The D.C. Circuit has explicitly held that not every bad act or even outright violation of the law is defined as indicative of untruthfulness. In *United States v. Millings*, the D.C. Circuit held that previous convictions (not simply allegations) of narcotics possession and carrying a pistol without a license could not be used to impeach a witness. *United States v. Millings,* 535 F.2d 121, 123 (D.C. Cir. 1976) ("Although it may be argued that any willful violation of law, such as carrying a pistol without a license or the unlawful possession of narcotics, evinces a lack of character and a disregard for all legal duties, including the obligations of an oath, Congress has not accepted that expansive theory. On the contrary, as we observed in *United States v. Belt*, 169 U.S. App. D.C. 1, 9, 514 F. 2d 837, 845 (1975, en banc), Congress has 'narrowly defined' the offenses comprehended by Rule 609(a)(2)."). *See also United States v. Lewis*, 626 F.2d 940, 946 (D.C. Cir. 1980) (holding that a conviction for distributing heroin is not indicative of dishonesty or false statement).

Furthermore, the two cases cited by Defendant do not provide any grounds for supporting cross-examination into the incidents in question in the instant case. In *United States v. Davis*, the Third Circuit held that it was proper for the district court to allow cross-examination of a former police officer (the defendant in that case) regarding misappropriating departmental gasoline and putting a false name in a gas log as well as lying in an investigation about ripping up a confiscated subway pass because these two incidents were indicative of truthfulness and had actually been substantiated through investigative findings. *Davis*, 183 F.3d at 256–57. While those two incidents, which involved lying and using a false name, clearly demonstrate a lack of truthfulness, Defendant in the instant case is unable to show why the incidents in the instant case

pertain to truthfulness in any way.  In *United States v. Whitmore*, the D.C. Circuit held that the district court should have allowed cross-examination of a police officer witness regarding his prior false testimony before a superior court judge, the suspension of his driver's license and failure to report such suspension to his supervisors, and his failure to make child-support payments.  The D.C. Circuit categorized the officer's prior false testimony in court as follows: "Nothing could be more probative of a witness's character for untruthfulness than evidence that the witness has previously lied under oath." *Id.* at 619.  However, as acknowledged by appellate court, the district court never addressed the issue of truthfulness as applied to the license suspension and child support issues, denying cross-examination on these two issues on unreliable hearsay grounds.  *See id.* at 619 n.6 ("The district court did not conclude, and the government does not argue, that the proposed cross-examination would be impermissible under Fed. R. Evid. 608.").  Consequently, the D.C. Circuit only addressed the admissibility of cross-examination with respect to these incidents on hearsay, not truthfulness, grounds.  *Id.* at 621–22.

> 3. *While the eight incidents on file pertaining to Sgt. Neill are of questionable relevance under Rule 401 as an initial matter, any cross-examination based on such incidents would be substantially more prejudicial than probative and thus prohibited under Rule 403.*

Defendant argues in his Motion that evidence surrounding the eight incidents related to allegations against Sgt. Neill is relevant under Federal Rule of Evidence 401 because "[e]vidence that Sergeant Neill has been investigated–and is being investigated–for conduct related to abuse of authority, excessive force, and violations of the Fourth Amendment makes it more probable that he engaged in such conduct, and/or is biased, in the instant case." Def.'s Mot. at 4.  Defendant further argues that per the requirement set forth by the D.C. Circuit in *United States v.*

11

*Davis* that the defense should be allowed to highlight a potential source of bias before the jury, any close calls regarding such evidence when balanced per Rule 403 should be decided in favor of the Defendant. Def.'s Mot. at 8–9 (citing *United States v. Davis*, 127 F.3d 68, 70 (D.C. Cir. 1997); quoting *United States v. Whitmore*, 359 F.3d at 619 ("Rule 403 tilts . . . as do the rules as a whole, toward the admission of evidence in close cases.")).

As explained with reference to Rule 404(b), the seven closed investigations, none of which were pending at the time that Defendant was arrested, and the remaining pending investigation related to political campaigning, do not provide a foundation for testimonial bias on the part of Sgt. Neill. *See supra* II(B)(1). Second, Sgt. Neill's *performance* in this case at the time of the search is not at issue, as the late Honorable William B. Bryant already resolved Defendant's Fourth Amendment challenge against Defendant. *See docket entry* [30]. Finally, even if evidence related to the investigations were somehow deemed minimally relevant as to Sgt. Neill's bias, the balancing test required by Rule 403 would favor excluding such evidence. Pursuant to Rule 403, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In the instant case, questioning Sgt. Neill regarding the facts[2] underlying the eight investigations at issue would be extremely prejudicial to the government (as he was exonerated in six of the incidents and there were insufficient facts to substantiate the seventh) and substantially outweigh any minimal probative value such testimony could have. *See Novaton*, 271 F.3d at 1006-07; *United States v. Johnson*, 380 F. Supp. 2d 660, 679 (E.D. Pa.

---

[2] *See United States v. Davis*, 197 F.3d 662, 662-63 (3d Cir. 1999).

2005) ("[T]he probative value of cross-examination testimony of [the officer-witnesses] about the alleged theft of cash from [a suspect] is substantially outweighed by the danger of unfair prejudice since the role of these officers in that alleged theft has never been substantiated."); Gov't's Opp'n at 15.

### III:  CONCLUSION

For the aforementioned reasons, the Court shall DENY [35] Defendant's Motion *In Limine* to Compel Discovery and to Permit Cross-Examination based on its discretionary determinations that the seven closed and one pending investigations relating to Sergeant Neill are not indicative of Sgt. Neill's truthfulness, do not create a basis for bias, and are therefore substantially more prejudicial than probative.  An Order accompanies this Memorandum Opinion.

Date:   March 2, 2006

                                                  /s/
                                             COLLEEN KOLLAR-KOTELLY
                                             United States District Judge